*Trials continued*

"We've been limited in doing that, but we've still fared well. We do what we can," Peters said. "We've had to get continuances, of course, during the pandemic, because we were not able to effectively and efficiently do our jobs. But now that everything is ramping back up, we aren't necessarily operating as business as usual, but the business has to be done."

Peters said her greatest concern is the safety and well-being of her staff while adequately providing effective defenses for clients.

"If we can do things safely regarding interviewing witnesses, traveling and ... doing what we need to do to prepare for a trial, that's what we're doing," she said. "We don't have a choice since the court has determined that jury trials will resume."

"Depending on where our clients are, a lot of our jail visits have been restricted, not just because we want precautions taken for our own safety, but a lot of the jails are not allowing visitations," she said.

"Fortunately, our office has been equipped since the beginning of the pandemic with virtual equipment so we can maintain as much contact as possible with our clients, but of course that requires participation by the jail facility as well as technology" support at the jail.

With 14 different county jails and other facilities contracted by the Eastern District of Arkansas to hold detainees, Peters said some facilities manage better than others in making clients available.

"There have been times we've had an appointment set to see a client and a jail administrator forgets or pushes it to the back burner, but our deadlines still have to be met with the court," she said. "Most of the jail facilities have been great in trying to work with us in these trying times, but everybody is stretched."

Jay Tuck, acting U.S. marshal for the Eastern District of Arkansas, said his office will probably have the least amount of adjustment to make in resumption of trials, mainly because his responsibility for transporting federal detainees never slacked off during the pandemic, so any adjustments were made months ago.

In addition to providing transportation and courtroom security, his office oversees security for defendants in courtrooms. Resuming trials will require flexibility, but he said that's hard-wired into the U.S. Marshals Service operations.

"We've got a pool of contractors who are off-duty police officers who we'll utilize," Tuck said. One challenge is when a trial requires two officers to sit in a trial over several days. "Obviously we can't use them anywhere else, so we have to shuffle other people around, but we've always done that. For us it's like clockwork."


21-MC-01

*Trials continued*

in the courtroom itself where the trial was going on," McCormack said. "Judge Moody had a simulcast going to the attorney conference rooms for the paralegals and other attorneys so they could keep up with what was going on inside the courtroom."

The same procedure was used for jury selection in a criminal trial that followed in Moody's courtroom. For the next criminal trial, U.S. District Judge Lee P. Rudofsky elected to place the jury pool in the courtroom for voir dire while limiting other attendance to attorneys, the defendant, necessary staffers and a reporter.

With the full-scale resumption of jury trials, Marshall ordered that district judges coordinate with the clerk's office to create a staggered schedule to minimize the number of people in the courthouse at a given time.

"We're going to limit ourselves to no more than two juries a day, which will give all of the judges an equal opportunity to manage their dockets by setting trials," McCormack said. "That will enable us to get them in there for orientation and to get them into the courtroom."

McCormack said a staggered schedule of no more than two trials each to begin on Mondays, Tuesdays and - for those trials expected to last no more than two or three days - Thursdays, makes it possible to impanel two juries a day while maintaining distancing requirements.

Impaneling a jury involves narrowing a pool of 40 to 60 people down to 12 jurors and two alternates to hear a case.

"The judges are working with each other and with the jury administrator to try to maximize our ability to conduct jury trials but to balance that so that we're only initiating two jury trials a day," Mc-Cormack said.

As for the federal courthouses in Jonesboro and Helena-West Helena, acting U.S. Attorney Jonathan Ross said holding trial there was in the planning stages but had not been implemented before the pandemic changed how U.S. District Court conducted business.

Holding trial in those two cities has happened, but it's been rare. "But now it will happen by default in that the cases out of those divisions will be tried in those courtrooms," Ross said.

He said jury trials were supposed to begin in Jonesboro and Helena-West Helena last August in response to an act of Congress that rezoned Arkansas' Eastern District into three divisions, but that was delayed by the pandemic.

The resumption of jury trials, he said, puts back into play a valuable tool that judges have for managing their court dockets - firm court dates.

"This is true in both the state and federal systems," he said. "Without those pending trial dates that would normally be there except for covid, there's been less incentive for defendants in all systems to get their cases resolved."

Lisa Peters, head of the federal public defenders office in Little Rock, said the pandemic changed how her office represents clients assigned to it. Sending out investigators to look into cases and track down witnesses are examples.

*See Trials*

United States Code Annotated
 Title 18. Crimes and Criminal Procedure (Refs & Annos)
  Part I. Crimes (Refs & Annos)
   Chapter 21. Contempts

18 U.S.C.A. § 401

§ 401. Power of court

Effective: November 2, 2002

Currentness

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--

**(1)** Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

**(2)** Misbehavior of any of its officers in their official transactions;

**(3)** Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

**CREDIT(S)**

(June 25, 1948, c. 645, 62 Stat. 701; Pub.L. 107-273, Div. B, Title III, § 3002(a)(1), Nov. 2, 2002, 116 Stat. 1805.)

18 U.S.C.A. § 401, 18 USCA § 401
Current through PL 117-15 with the exception of PL 116-283, Div. A, Title XVIII.

End of Document                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

21-mc-01

2

PENGAD-Bayonne, N.J.

*Judge, FYI*



Code of Federal Regulations
   Title 28. Judicial Administration
      Chapter I. Department of Justice
         Part 0. Organization of the Department of Justice (Refs & Annos)
            Subpart T. United States Marshals Service

28 C.F.R. § 0.112

§ 0.112 Special deputation.

Currentness

The Director, United States Marshals Service, is authorized to deputize the following persons to perform the functions of a Deputy U.S. Marshal in any district designated by the Director:

(a) Selected officers or employees of the Department of Justice;

(b) Selected federal, state, or local law enforcement officers whenever the law enforcement needs of the U.S. Marshals Service so require;

(c) Selected employees of private security companies in providing courtroom security for the Federal judiciary;

(d) Other persons designated by the Associate Attorney General pursuant to 28 CFR 0.19(a)(3).

All such deputations shall expire on a date certain which shall be stated on the face of the deputation.

**Credits**
[Order No. 516–73, 38 FR 12917, May 17, 1973; 49 FR 6485, Feb. 22, 1984; 61 FR 33657, June 28, 1996]

SOURCE: Order No. 423–69, 34 FR 20388, Dec. 31, 1969, as amended by Order 445–70, 35 FR 19397, Dec. 23, 1970; 51 FR 31940, Sept. 8, 1986; 52 FR 17951, May 13, 1987; 52 FR 24447,

FILED
APR 21 2021

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| UNITED STATES OF AMERICA, | 1:20-CR-10024-CBK |
|---|---|
| Plaintiff, | |
| vs. | AMENDED ORDER SETTING SENTENCING DATE |
| JUAN SHAW SMITH, | |
| Defendant. | |

The defendant entered a plea of guilty on October 26, 2020.

IT IS ORDERED:

(1) The sentencing will be held on Monday, May 10, 2021 at **2:30 p.m.** in the Federal Courtroom of the U.S. Courthouse, 102 Fourth Avenue SE, Aberdeen, South Dakota, before the Honorable Charles B. Kornmann.

(2) The draft presentence report shall be filed by the Probation Office in CM/ECF using the Draft Presentence Report event on or before December 7, 2020.

(3) Any objections to the draft presentence report shall be filed by counsel in CM/ECF using the Objections to Presentence Report event on or before December 21, 2020. If counsel have no objections to the presentence report, counsel shall indicate such in CM/ECF using the Notice of No Objections to Presentence Report event.

(4) Any sentencing memoranda should be filed by counsel in CM/ECF using the Sealed Sentencing Memorandum event on or before December 21, 2020.

(5) All letters of support shall be filed by counsel in CM/ECF using the Sealed Letter(s) of Support event on or before December 21, 2020. All letters of support shall be legibly scanned as one document and not scanned as separate



21-MC-01

documents. No letters shall be submitted directly to the Probation Office nor the Court.

(6) All other presentence report related documents shall be filed in CM/ECF using the appropriate event on or before December 21, 2020. None of these documents shall be submitted directly to the Probation Office nor to the Court.

(7) The final presentence report shall be filed by the Probation Office in CM/ECF using the Final Presentence Report event on or before January 4, 2021. An addendum setting forth any unresolved objections, the grounds for those objections, and the Probation Officer's comments on those objections shall also be filed separately in CM/ECF using the Addendum to Final Presentence Report event.

(8) If any party estimates the time required for the entire sentencing hearing will exceed 30 minutes, they shall notify the Court and opposing counsel in writing on or before April 26, 2021, and provide the following information:

    (a)    The estimate of the time required for the evidentiary hearing;
    (b)    A list of witnesses and the issue or issues each witness will address;
    (c)    A summary of each witness's testimony; and
    (d)    List of exhibits to be offered.

The opposing party shall provide the same information within three (3) days of receiving the above notice.

(9) Defendant shall be detained pending sentencing.

DATED this 21st day of April, 2021.

BY THE COURT:

*[Signature]*
CHARLES B. KORNMANN
United States District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER PLENTY CHIEF,<br><br>Defendant. | 1:16-CR-10038-CBK<br><br>ORDER FOR REVOCATION HEARING |

A petition to revoke supervised release was filed and served on the defendant. The petition came on for hearing before Magistrate Judge William D. Gerdes on November 2, 2020, at which the plaintiff appeared by Kirsten E. Jasper, and the defendant appeared in person and with his attorney, Randall B. Turner for John M. Duffy, pursuant to Fed.R.Crim.P. Rule 32.1(a)(2).

The Magistrate filed his recommended findings on revocation of supervised release. A supplemental presentence report has been ordered and a hearing should be held on whether or not to adopt the recommended findings, and if adopted, to sentence the defendant.

Now, therefore,

IT IS ORDERED:

(1) A hearing shall be held on Monday, May 10, 2021, at 3:00 p.m., in the Federal Courtroom of the U.S. Courthouse, 102 Fourth Avenue SE, Aberdeen, South Dakota.

(2) The draft supplemental presentence report shall be filed by the Probation Office in CM/ECF using the Draft Supplemental Presentence Report event on or before December 7, 2020.

(3) Any objections to the draft supplemental presentence report shall be filed in CM/ECF using the Objections to Presentence Report event on or before December 14, 2020. If counsel has no objections to the draft supplemental presentence report, counsel should indicate such by using the Notice of No Objections to Presentence Report event.

(4) Any sentencing memoranda shall be filed by counsel in CM/ECF using the Sealed Sentencing Memorandum event on or before December 14, 2020.

(5) All letters of support shall be filed by counsel in CM/ECF using the Sealed Letter(s) of Support event on or before December 14, 2020. All letters of support shall be legibly scanned as one document and not scanned as separate documents. No letters shall be submitted directly to the Probation Office or the Court.

(6) The final presentence report shall be filed by the Probation Office in CM/ECF using the Final Supplemental Presentence Report event on or before December 21, 2020. An addendum setting forth any unresolved objections, the grounds for those objections, and the Probation Officer's comments on those objections shall be filed separately in CM/ECF using the Addendum to Final Supplemental Presentence Report event.

(7) If any party estimates the time required for the entire revocation hearing will exceed 20 minutes, they shall notify the Court and opposing counsel in writing on or before April 26, 2021.

(8) The defendant shall be detained pending the hearing.

DATED this 2nd day of November, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION


FILED
NOV 16 2020
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS WEASEL,<br><br>Defendant. | 1:10-CR-10017-CBK<br><br>ORDER FOR REVOCATION HEARING |

A petition to revoke supervised release was filed and served on the defendant. The petition came on for hearing before Magistrate Judge William D. Gerdes on November 12, 2020, at which the plaintiff appeared by Jennifer Mammenga, and the defendant appeared in person and with his attorney, Jana Miner, pursuant to Fed.R.Crim.P. Rule 32.1(a)(2).

The Magistrate filed his recommended findings on revocation of supervised release. A supplemental presentence report has been ordered and a hearing should be held on whether or not to adopt the recommended findings, and if adopted, to sentence the defendant.

Now, therefore,

IT IS ORDERED:

(1) A hearing shall be held on Monday, May 10, 2021, at 3:30 p.m., in the Federal Courtroom of the U.S. Courthouse, 102 Fourth Avenue SE, Aberdeen, South Dakota.

(2) The draft supplemental presentence report shall be filed by the Probation Office in CM/ECF using the Draft Supplemental Presentence Report event on or before December 21, 2020.

(3) Any objections to the draft supplemental presentence report shall be filed in CM/ECF using the Objections to Presentence Report event on or before December 28, 2020. If counsel has no objections to the draft supplemental presentence report, counsel should indicate such by using the Notice of No Objections to Presentence Report event.

(4) Any sentencing memoranda shall be filed by counsel in CM/ECF using the Sealed Sentencing Memorandum event on or before December 28, 2020.

(5) All letters of support shall be filed by counsel in CM/ECF using the Sealed Letter(s) of Support event on or before December 28, 2020. All letters of support shall be legibly scanned as one document and not scanned as separate documents. No letters shall be submitted directly to the Probation Office or the Court.

(6) The final presentence report shall be filed by the Probation Office in CM/ECF using the Final Supplemental Presentence Report event on or before January 4, 2021. An addendum setting forth any unresolved objections, the grounds for those objections, and the Probation Officer's comments on those objections shall be filed separately in CM/ECF using the Addendum to Final Supplemental Presentence Report event.

(7) If any party estimates the time required for the entire revocation hearing will exceed 20 minutes, they shall notify the Court and opposing counsel in writing on or before April 26, 2021.

(8) The defendant shall be detained pending the hearing.

DATED this 16th day of November, 2020.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part II. Department of Justice (Refs & Annos)
      Chapter 37. United States Marshals Service (Refs & Annos)

28 U.S.C.A. § 566

§ 566. Powers and duties

Effective: May 29, 2015
Currentness

**(a)** It is the primary role and mission of the United States Marshals Service to provide for the security and to obey, execute, and enforce all orders of the United States District Courts, the United States Courts of Appeals, the Court of International Trade, and the United States Tax Court, as provided by law.

**(b)** The United States marshal of each district is the marshal of the district court and of the court of appeals when sitting in that district, and of the Court of International Trade holding sessions in that district, and may, in the discretion of the respective courts, be required to attend any session of court.

**(c)** Except as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties.

**(d)** Each United States marshal, deputy marshal, and any other official of the Service as may be designated by the Director may carry firearms and make arrests without warrant for any offense against the United States committed in his or her presence, or for any felony cognizable under the laws of the United States if he or she has reasonable grounds to believe that the person to be arrested has committed or is committing such felony.

**(e)(1)** The United States Marshals Service is authorized to--



5

21-mc-01

## Monday, May 10, 2021

| TIME | DEFENDANT | CASE NO. | HEARING | CHARGE/ALLEGATION OF ADMISSION |
|---|---|---|---|---|
| 12:30 | Kendall White Tail **(C)** | 11-10022 | Rev Sentencing | Unlawful use a controlled substance |
| 1:30 | Anthony Bertino | 19-10019 | Sentencing | Bribery concerning programs receiving Federal funds |
| 2:30 | Juan Smith **(C)** | 20-10024 | Sentencing | Felon in possession of a firearm and Possession of a firearm by a prohibited person |
| 3:00 | Christopher Plenty Chief **(C)** | 16-10038 | Rev Sentencing | Consuming alcoholic beverages and failed To follow the probation officer's verbal Instruction, that is, he failed to address His outstanding warrants |
| 3:30 | Travis Weasel **(C)** | 10-10017 | Rev Sentencing | Unlawful use of controlled substance (marijuana) and engaged in conduct Which constituters a violation of tribal Law, that is Criminal Contempt |
| 4:00 | Marilyn Holley | 20-10002 | Plea/Sentencing | Misuse by a Representative Payee |

## Tuesday, May 11, 2021

| TIME | DEFENDANT | CASE NO. | HEARING | CHARGE/ALLEGATION OF ADMISSION |
|---|---|---|---|---|
| 9:30 | Kevin Trio | 20-10042 | Plea | Making materially false statement |
| 10:00 | Rene DeLeon, Jr. **(C)** | 21-10008 | Plea | Failure to register as a sex offender |
| 10:30 | Brendon Rodlund **(C)** | 20-10041 (01) | Plea | Robbery and Aiding and Abetting |
| 11:00 | Leland Brown 21-MC-01 | 20-10036 | Plea | Assault resulting in serious bodily injury |

| TIME | DEFENDANT | CASE NO. | HEARING | CHARGE/ALLEGATION OF ADMISSION |
|---|---|---|---|---|
| 11:30 | Frank One Feather, Jr. **(C)** | 19-10051 | Sentencing | Assault with a dangerous weapon and assault resulting in serious bodily injury |
| 12:00 | Robert Martin | 20-10031 | Plea | Conspiracy to distribute a controlled Substance |

**(C) – DEFENDANT WAS IN CUSTODY AT THE TIME OF THE HEARING**