IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiffs,<br><br>vs.<br><br>JOHN KILGALLON, DANIEL C. MOSTELLER, and STEPHEN HOUGHTALING,<br><br>     Defendants. | 1:21-CR-10023<br><br>**ORDER** |

  This matter came before the Court for a status conference on July 14, 2021. Counsel for the United States and Defendants appeared via video teleconference. Defendants are charged with three counts of contempt of court each under 18 U.S.C. § 401. It being necessary to rule on preliminary matters and establish scheduling deadlines for these proceedings, after consultation with the parties' counsel,

  IT IS ORDERED:

**1.**  **TRIAL DATE AND LOCATION**

  At the hearing, the Court noted trial was initially set for Aberdeen, South Dakota. The Court determined trial and proceedings at the United States Courthouse in Sioux Falls, South Dakota would be more convenient for the Defendants, the majority of counsel, the Court, and potentially any witnesses. Counsel offered no objection to the Court changing the location of trial and in-person preliminary matters to Sioux Falls.

  Trial in this matter is set for Tuesday, December 14, 2021 at 9:00 a.m. in the federal courthouse in Sioux Falls, South Dakota. Because this is a criminal case, the defendants must be present in person.

  All parties and counsel should be prepared to be present in court by 1:00 p.m. CST Monday, December 13, 2021 in the event the Court schedules trial motions to be heard that day.

**2.**  **DISCOVERY**

  During the hearing, the defense indicated its intent to seek discovery in this case. The following general discovery rules and deadlines shall apply to this case:

  **A.**  Upon request of Defendants, Plaintiff shall comply with Federal Rule of Criminal Procedure 16(a)(1)(A)-(E).

1

B.  If a Defendant requests disclosure under Rule 16(a), such Defendant shall, upon request of Plaintiff, comply with Rule 16(b).

C.  Upon request, counsel shall confer and accomplish Rule 16 discovery by August 13, 2021.

D.  Plaintiff shall disclose to Defendants any exculpatory material discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963) no later than August 13, 2021.

E.  Any written statements of Plaintiff's witnesses discoverable under the Jencks Act, 18 U.S.C. § 3500, shall be furnished to Defendants no later than August 13, 2021.

F.  All parties are reminded of their continuing duty to disclose under Rule 16(c).

3. **PRETRIAL MOTIONS**

   The following deadlines shall apply to pretrial motions:

   A. **Dispositive Motions:**

   The defense has indicated its intent to file dispositive motions in this case. Any party wishing to file dispositive or other motions not related to the trial of this matter shall do so no later than August 20, 2021. Responses to such motions will be due September 10, 2021. Briefs in reply may be filed no later than September 17, 2021. In their briefs accompanying their dispositive motions, Defendants are to address whether they will be requesting a jury trial and whether a jury is required by law. Plaintiff should address the jury question in its response as well.

   B. **Other Pretrial Motions:**

   Other pretrial motions shall be filed no later than fourteen (14) days prior to any scheduled trial date. Opposing briefs shall be filed within seven (7) days thereafter. Motions in limine addressed to matters at trial shall be filed fourteen (14) days before any scheduled trial date, with a response due seven (7) days before trial.

   C. **Amicus Briefs:**

   The parties have indicated that amici curiae may seek leave to file briefs in this matter. Anyone seeking to file an amicus brief must request leave to do so by August 20, 2021, attaching the proposed brief. If a party wishes to object to a non-party's filing of a brief, they must file the objection within seven (7) days, stating the reasons and any legal grounds for the objection. Responses to objections may filed within seven (7) days of the objection.

   D. **Evidentiary Hearings:**

Please notify my chambers immediately of any pretrial motion requiring an evidentiary hearing outside the presence of the jury. If a party requests a hearing that takes place in advance of trial, the motion for a hearing must state the estimated length of time needed for the hearing and whether any codefendant should be present or participate in the hearing.

**4.** **PRETRIAL SUBMISSIONS**

   A. At least seven (7) days before the first day scheduled for trial, counsel for the government shall electronically file the following documents with the Clerk of the Court:

   i. Trial brief
   ii. Witness list
   iii. Exhibit list
   iv. Proposed jury instructions and verdict form(s) (in the event a jury trial is ordered)

   **In addition to electronically filing the documents, a copy of the government's jury instructions, verdict form(s), witness list, and exhibit list shall be e-mailed as attachments in Word format to chambers at the following address: Buescher@ned.uscourts.gov.**

   B. The defendants are encouraged to submit proposed jury instructions, verdict form(s), a witness list, and an exhibit list to the judge's chambers via e-mail at Buescher@ned.uscourts.gov. The materials submitted by the defendants shall not be disclosed to the government unless the defendants specify otherwise. Defendants are likewise encouraged to file trial briefs in this matter.

**5.** **DISCOVERY MATERIAL**

   A. **Depositions:**

   **Proponent:** The proponent of a deposition to be used at trial shall have delivered a copy of the deposition to Judge Buescher's chambers and to opposing counsel at least seven (7) days before trial. If less than the entire deposition will be offered, the proponent shall deliver: (1) a list or index designating by page and line(s) the testimony to be offered, and (2) a copy of the entire deposition with highlighted parts to be offered.

   **Objections:** A list or index of objections to another party's designated deposition testimony shall be delivered to Judge Buescher's chambers at least four (4) days before trial and shall identify by page and line the location of the objection and shall identify the precise nature of the objection.

   B. **Videotaped Depositions:**

**Proponent:** Videotaped depositions shall be delivered to Judge Buescher's chambers and to opposing counsel as stated in the previous paragraph. The proponent shall provide a transcript with the prospective testimony indexed and highlighted as stated in the previous paragraph.

**Objections:** A list or index of objections to another party's designated videotaped testimony shall be delivered to Judge Buescher's chambers as stated in paragraph 5A. The Court may require editing of the videotape in response to pretrial rulings on objections.

6. **EXHIBITS**

    A. **Court's Copies:**
    Each proponent of exhibits shall prepare a three-ring binder containing a copy of each exhibit to be offered. The binder shall be organized by dividers and tabs for quick retrieval of an exhibit during trial and shall be delivered to chambers no later than seven (7) days before the scheduled date of trial.

    B. **Original Exhibits:**
    Exhibits shall be properly listed and identified on the exhibit form supplied by the Clerk of Court's Office, which is also available at the District of South Dakota's website: https://www.sdd.uscourts.gov/forms/all-forms.

    C. **Marking Exhibits:**
    All exhibits must be pre-marked with stickers that indicate whether the government or the defendant is offering the exhibit. The government's exhibits will begin with number "1." Defendant's exhibits will begin with the next hundred series following the government's last exhibit. (e.g. Ex. 100 where the government's last exhibit was Ex. 54).

7. **WITNESS LIST**

    A party's witness list shall include the full name of each witness. Witnesses who do not appear to testify when scheduled will be considered withdrawn. To avoid redaction issues, witnesses should be instructed not to give their exact addresses during trial.

8. **REQUESTS FOR COURTROOM EQUIPMENT**

    Counsel should contact the clerk's office for information regarding the availability and testing of courtroom technology well in advance of trial.

9. **CONDUCT AT TRIAL**

    Judge Buescher will meet with counsel in chambers at 8:30 a.m. on the first day of trial. Trial will commence at 9:00 a.m. each day, unless otherwise ordered. In the event of a jury

trial, the Court will conduct a general voir dire examination. Counsel may supplement, but not repeat, the Court's voir dire examination. Any suggested questions for voir dire by the Court shall be e-mailed to Judge Buescher's chambers at least four (4) days prior to commencement of trial. The Court may impose a time limit on counsels' voir dire. Examination of witnesses will be by direct, cross, and redirect examination. There will be no recross unless authorized by the Court.

10. **PLEA**

It is the responsibility of counsel for all parties to notify the Court immediately of any change of plea. Counsel shall immediately notify the Court by informing the courtroom deputy.

11. **OTHER MATTERS**

   A. **Speedy Trial Act**

   The Speedy Trial Act is applicable to defendants charged with an "offense," 18 U.S.C. § 3161, which for the purposes of the Act does not include "Class B or C misdemeanor or an infraction[s]," 18 U.S.C. § 3172(2). Class B and C misdemeanors and infractions are petty offenses for which the maximum term of imprisonment is six months or less. 18 U.S.C. § 3559(a)(7-9) (classifying a Class B misdemeanor as one in which the maximum term of imprisonment is six months or less but more than thirty days; penalties are lower for Class C misdemeanors and infractions).

   After review of the charging document and the docket in this case, the Court finds the charges at issue constitute Class B-or-lower misdemeanors or infractions and a sentence of imprisonment of greater than six months will not be considered in this case, even if the Defendants are convicted on all counts. Thus, the Speedy Trial Act, 18 U.S.C. § 3161 et seq., does not apply. *See United States v. Moncier*, 492 Fed. App'x 507, 510 (6th Cir. 2012) (upholding a district court rejecting defendant's argument that the Speedy Trial Act applied where the court "stated on the record that, should the Court convict Moncier, he will face a sentence of no more than six months' incarceration."). During the hearing on this matter, no party objected to the Court's conclusion and ruling that the Speedy Trial Act does not apply. The parties further consented on the record to the schedule outlined by the Court, waiving any argument that the schedule as presented violates the Speedy Trial Act or the right to a speedy trial under the United States Constitution.

   B. **No Arraignment, Initial Appearance, Answer, or Response Required**

   Judge Kornmann's June 15, 2021 Order, Filing 21, charging the defendants with criminal contempt, suffices as notice of contempt charges, and no further arraignment or initial appearance is required. The Court finds the Defendants have already denied the charges against them and that no further denial or entry of a general denial to the charges is required by the Defendants.

C. **Conditions of Pretrial Release**

Any travel restrictions previously imposed on Defendants are hereby lifted.

Dated this 16th day of July, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge